Argued and submitted September 1, petition for judicial review of ballot measure financial impact estimate dismissed September 11, 1992

Don HOMUTH,
*Petitioner,*

*v.*

Phil KEISLING,
Secretary of State;
Tony Meeker, State Treasurer;
Fred D. Miller, Director of Executive
Department; and Richard A. Munn,
Director of Department of Revenue,
*Respondents.*

(SC S39530)

838 P2d 587

Charles F. Hinkle, of Stoel Rives Boley Jones & Grey, Portland, filed the petition and argued the cause for petitioner.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for respondents. On the answering memorandum were Robert B. Rocklin, Assistant Attorney General, Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Carson, Chief Justice, and Peterson, Van Hoomissen, Fadeley, and Unis, Justices.

PER CURIAM

## PER CURIAM

Petitioner brings an original proceeding in this court pursuant to ORS 250.131,[1] seeking review of the Estimate of Financial Impact for 1992 Ballot Measure 4, to be included in the Voters' Pamphlet and on the ballot for the next general election. If passed, Ballot Measure 4 would prohibit the operation of so-called "triples" in Oregon. The Oregon Department of Transportation defines a "triple" as a truck pulling two trailers or a truck tractor pulling three semi-trailers. Pursuant to ORS 250.125 and 250.127(1), respondents, the Secretary of State, the State Treasurer, the Director of the Executive Department, and the Director of the Department of Revenue, prepared and filed with the Secretary of State an estimate of the financial impact of the measure. Pursuant to ORS 250.127(2), the Secretary of State held a hearing on July 29, 1992, to receive suggested changes to the estimate. Pursuant to ORS 250.127(3), respondents filed a revised estimate on August 5, 1992.

Petitioner challenges the estimate filed by those officials. He contends that in preparing that estimate, the officials failed to "estimate the amount of direct expenditure [by the state] * * * which will be required to meet the provisions of the measure if it is enacted," ORS 250.125(1), and that they failed to "estimate the aggregate amount of direct expenditure * * * which will be required by all cities, counties and districts to meet the provisions of the measure," ORS 250.125(2). Specifically, petitioner asserts that respondents failed to take account of uncontradicted evidence of certain increased shipping costs that would be incurred by state and local governments as a direct result of Ballot Measure 4.

Respondents, represented by the Attorney General, answer that the scope of review of this court is limited by ORS 250.131 to review of the procedure used in preparing the

---

[1] ORS 250.131(1) provides:

"Any person alleging that an estimate required under ORS 250.125 was prepared, filed or certified in violation of the procedures specified in ORS 250.125 or 250.127 may petition the Supreme Court seeking that the required procedures be followed and stating the reasons the estimate filed with the court does not satisfy the required procedures. No petition shall be allowed concerning the amount of the estimate or regarding whether an estimate should be prepared."

estimate, and that respondents' failure to include the information sought by petitioner to be included affected only the amount of the estimate, which this court is specifically prohibited from reviewing.

The limited nature of review by this court of objections to an estimate of financial impact of a state ballot measure is discussed at length in *Marbet v. Keisling*, 314 Or 223, 838 P2d 580 (1992). In that case, this court concluded that petitioners raised no procedural objections and dismissed the petition. We reach the same conclusion here. Respondents followed the procedure established in ORS 250.125 and 250.127 and explained by this court in *Marbet*. We may not review the amount of the estimate made by them. The petition is dismissed.